## Second Department, June, 1944.

### (June 5, 1944.)

In the Matter of ALFRED J. WENTZ, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.— Motion with respect to the report of the Official Referee in a disciplinary proceeding against an attorney. The proof before the Official Referee justifies his findings that the respondent had committed acts of professional misconduct. (Judiciary Law, § 88, subd. 2.) But as it was not shown or even claimed that the respondent was guilty of any dishonesty or disloyalty, and as the misconduct with which he was charged related to his overzealous prosecution of actions and proceedings in behalf of his client, whom he believed to have been wronged, the interests of justice will be served by respondent's suspension for three months. The report of the Official Referee is confirmed, except as to the discipline to be imposed; and the respondent is suspended from the practice of the law for a period of three months, beginning July 1, 1944. Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ.

ELSIE AGNELLO et al., Respondents, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant.— Plaintiff wife sued to recover damages for personal injuries sustained when a bottle of soda, which she had purchased from defendant, exploded while being wrapped up by defendant's servant. Her husband sued to recover for medical expenses and for loss of services. Judgment in favor of plaintiffs, entered after a trial by the court without a jury, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

LAWRENCE W. BRIDGES, Respondent, v. FRANCES GOTTESMAN, Appellant.— Action by a broker to recover commissions alleged to have been earned by the sale of defendant's real property. Judgment of the City Court of Mount Vernon, entered upon a directed verdict, modified on the law and the facts by reducing the amount thereof to the sum of $450, with costs. As thus modified, the judgment, and the order denying defendant's motion for a new trial, are unanimously affirmed, without costs. The so-called "binder" signed by both parties provided for the preparation and execution of a formal contract of purchase. When such formal contract was prepared, it is conceded that the terms set forth in the binder were modified and the purchase price reduced to $9,000, all cash. The broker signified his willingness in writing to accept this change, provided his commission of 5% be paid. He is accordingly entitled to have judgment for only $450. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ. [See post, p. 794.]